Alan I. Nahmias  (SBN 125140)
**MIRMAN, BUBMAN & NAHMIAS**
16133 Ventura Boulevard, Suite 1175
Encino, CA  91436
Telephone: (818) 995-2555
Facsimile:   (818) 451-4620
Email: anahmias@mbn.law

General Counsel to
Chapter 7 Trustee, Wesley H. Avery

*Fiducia in faciem incertum*

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:23-bk-16544-BB |
| VICTOR DAVID QUINONES aka VICTOR D. QUINONES, an individual, | Chapter 7 |
| Debtor. | Adv. No. _____ |
| SSN: xxx-xx-6513 | **TRUSTEE'S COMPLAINT FOR: (1) AUTHORIZATION TO SELL PROPERTY OWNED IN PART BY NON-DEBTOR; AND (2) TURNOVER OF PROPERTY OF THE ESTATE** |
| WESLEY H. AVERY, Chapter 7 Trustee, | |
| Plaintiff, | **[11 U.S.C. §§ 363(h) and 542]** |
| v. | |
| VICTOR QUINONES, an individual; and BEVERLY K. QUINONES, an individual, | Date:   [To be set]<br>Time:   [To be set]<br>Place:  U.S. Courthouse<br>        Courtroom 1539<br>        255 E. Temple Street<br>        Los Angeles, CA 90012 |
| Defendants. | |

**TO THE HONORABLE SHERI BLUEBOND, BANKRUPTCY JUDGE, AND TO THE DEFENDANTS AND THEIR COUNSEL OF RECORD, IF ANY:**

      **F**or his complaint for: (1) Authorization to Sell Property Owned in Part by Non-Debtor; and (2) Turnover of Property of the Estate (the "Complaint") against defendants Victor Quinones

{00811189}

1    and Beverly K. Quinones (collectively, the "Defendants"), plaintiff Wesley H. Avery, the duly

2    appointed and acting Chapter 7 Trustee (the "Trustee" or "Plaintiff"), for the bankruptcy estate (the

3    "Estate") of Victor David Quinones aka Victor D. Quinones (the "Debtor"), hereby alleges as

4    follows:

5    <u>**STATEMENT OF JURISDICTION, PARTIES AND PROCEEDINGS**</u>

6    1.    This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157(b)(1)

7    and 1334, as this is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (E), (N) and (O).

8    2.    Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1409(a), in that

9    the instant proceeding is related to a case under title 11 of the United States Code which is still

10   pending.

11   3.    The instant proceeding involves the recovery of property worth greater than

12   $1,525.00, therefore venue in this district is property under 28 U.S.C. § 1409(b).

13   4.    This proceeding is brought pursuant to 11 U.S.C. §§ 363(h) and 542 and Rules

14   7001(1) and (9) of the Federal Rules of Bankruptcy Procedure.

15   5.    The Trustee consents to the entry of final orders and judgments by the Bankruptcy

16   Court.

17   6.    Plaintiff Wesley H. Avery (the "Trustee" or "Plaintiff") is the duly appointed,

18   qualified and acting Chapter 7 Trustee of the bankruptcy estate (the "Estate") created in the instant

19   Chapter 7 bankruptcy case pending in the United States Bankruptcy Court, Central District of

20   California, Los Angeles Division which is styled <u>In re Victor David Quinones aka Victor D.</u>

21   <u>Quinones</u>, bearing Case No. 2:23-bk-16544-BB (the "Bankruptcy Case").

22   7.    Debtor Victor David Quinones aka Victor D. Quinones (the "Debtor") commenced

23   the Bankruptcy Case by filing a Chapter 7 voluntary petition on October 6, 2023 (the "Petition

24   Date").

25   8.    Defendant Victor Quinones is an individual residing within the jurisdiction of this

26   Court and is the father of the Debtor.

27   9.    Defendant Beverly K. Quinones is an individual residing within the jurisdiction of

28   this Court and is the sister of the Debtor.

## **ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF**

THE PREPETITION LAWSUIT AND DIVESTING OF ASSETS

10.    The Plaintiff is informed and believes and, based thereon, alleges that on or before January 22, 2019, the Debtor owned real property improved with a triplex commonly known as 3333 City Terrace Drive, Los Angeles, California 90063 (the "Triplex").

11.    The Plaintiff is informed and believes and, based thereon, alleges that on January 22, 2019, Ms. Mary Elizabeth Lopez ("Lopez") suffered a severe personal injury at the Triplex.

12.    The Plaintiff is informed and believes and, based thereon, alleges that on May 4, 2020, the Debtor sold the Triplex at a discount to a third party for less than fair market value in an attempt to escape liability to Lopez and her claims.

13.    On August 27, 2020, Lopez filed a lawsuit against the Debtor in Los Angeles Superior Court, styled as Lopez v. Quinones, LASC Case No. 20STCV32910 (the "State Court Lawsuit").

14.    The Plaintiff is informed and believes and, based thereon, alleges that trial was set to begin in the State Court Lawsuit on October 9, 2023.

THE SUBJECT PROPERTY

15.    The instant complaint (the "Complaint") against the Defendant initiates an adversary proceeding in which the Trustee is seeking authority to sell the Defendants' interest in the real property improved with a quadplex commonly known as 466 S. Bonnie Beach, Los Angeles, California 90063, APN 5236-003-013 (the "Subject Property").

16.    The legal description of the Subject Property is as follows:

THE FOLLOWING DESCRIBED REAL PROPERTY IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA:
LOT 59 OF HILLVALE TRACT, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 14, PAGES 106 AND 107 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

17.    The Debtor and the Defendants acquired title to the Subject Property by a grant deed recorded in the Official Records of the Recorder's Office of Los Angeles County, California on

April 14, 2008, as Document Number 2008-0642853 (the "Grant Deed").  A true and correct copy of the Grant Deed is attached hereto, marked as Exhibit "1" and incorporated herein by this reference.

18.    The Grant Deed reflects title to the Subject Property being held by the Debtor and the Defendants as "Victor Quinones, an Unmarried Man and Victor D. Quinones, a Single Man and Beverly K. Quinones, a Single Woman, all as Joint Tenants".

19.    The Plaintiff is informed and believes and, based thereon, alleges that the Debtor and the Debtor's bankruptcy estate still own no less than a one-third (1/3) ownership interest in the Subject Property.

20.    The Plaintiff is informed and believes and, based thereon, alleges that the Subject Property has significant equity for the benefit of the Debtor's creditors.  Specifically, the Trustee believes that the Subject Property is worth more than $825,000.00 and the balance on the deed of trust encumbering the Subject Property should be approximately $300,000.00.

THE BANKRUPTCY CASE AND STAY OF THE STATE COURT LAWSUIT

21.    The Plaintiff is informed and believes and, based thereon, alleges that the Debtor filed a skeleton Chapter 7 petition on October 6, 2023 (the "Petition Date") to take advantage of the automatic stay and to postpone the Trial scheduled in the State Court Lawsuit.

22.     On October 24, 2023, the Court entered an Order and Notice of Dismissal of the Bankruptcy Case for the Debtor's failure to file schedules and other required documents.

23.    On November 20, 2023, the Trustee filed his motion to vacate the dismissal of the Debtor's Bankruptcy Case.

24.    On November 22, 2023, the Court entered an order vacating the dismissal of the Bankruptcy Case.

25.    After voluntarily commencing his case, the Debtor has thus far failed to cooperate in the administration of his case, failing to file his Schedules and other required bankruptcy forms and documents and refusing to appear at any of the scheduled or continued meeting of creditors to be examined by the Trustee.

///

**FIRST CLAIM FOR RELIEF**

**FOR AUTHORIZATION TO SELL REAL PROPERTY**

**OWNED, IN PART, BY A NON-DEBTOR**

**[11 U.S.C. § 363(h)]**

26.    The Plaintiff refers to and incorporates herein each and every allegation contained in paragraphs 1 through 25, inclusive, of this Complaint as though fully set forth at length herein.

27.    The Plaintiff is informed and believes and, based thereon, alleges that based upon the current value of the Subject Property and the estimated outstanding debt against the Subject Property, and taking into account, estimated costs of sale, the Subject Property has gross equity of about $460,000, at least one-third (1/3) of which constitutes property of the Estate.

28.    The Plaintiff desires to sell both the Estate's interest in the Subject Property together with the Defendants' remaining interests in the Subject Property.

29.    Partition of the Subject Property between the Estate and the Defendants is impracticable.

30.    The sale of the Estate's undivided interest in the Subject Property would realize significantly less for the Estate than the sale of the Subject Property free of the interests of the Defendants.

31.    The benefit to the Estate of a sale of the Subject Property free of the interests of the Defendants outweighs the detriment, if any, to the Defendants.

32.    The Subject Property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light or power.

33.    By reason of the foregoing, the Plaintiff may sell the interests of the Defendants in the Subject Property pursuant to 11 U.S.C. § 363(h).

**SECOND CLAIM FOR RELIEF**

**TURNOVER OF PROPERTY OF THE ESTATE**

**[11 U.S.C. § 542(a)]**

34.    The Plaintiff refers to and incorporates herein each and every allegation contained in paragraphs 1 through 33, inclusive, of this Complaint as though fully set forth at length herein.

35.     The Subject Property is property of the Estate pursuant to, among other things, 11 U.S.C. § 541.

36.     The Plaintiff is informed and believes and, based thereon, alleges that the Defendants are in possession, custody or control of the Subject Property, during the Bankruptcy Case.

37.     The Plaintiff is informed and believes and, based thereon, alleges that the Trustee may use, sell, or lease the Estate's legal and equitable interests in the Subject Property pursuant to 11 U.S.C. § 363.

38.     The Plaintiff is informed and believes and, based thereon, alleges that the Subject Property is not of inconsequential value or benefit to the Estate.

39.     Pursuant to 11 U.S.C. § 542(a), the Plaintiff, as Trustee, is entitled to turnover of property of the Estate, namely the Subject Property.

40.     The Defendants shall deliver the Subject Property to the Trustee.

**WHEREFORE**, the Plaintiff respectfully prays for judgment against the Defendants as follows:

A.     On the First and Second Claim For Relief, for authorization to sell the interests of the non-debtor Defendants in the Subject Property pursuant to 11 U.S.C. § 363(h);

B.     On the Second Claim For Relief, for turnover of possession, control, and custody of the Subject Property to the Trustee pursuant to 11 U.S.C. § 542(a);

C.     For attorney fees and costs incurred by the Plaintiff; and

D.     Such other and further relief as this Court deems just and proper.

DATED: March 1, 2024                    MIRMAN, BUBMAN & NAHMIAS

By: _____
    Alan I. Nahmias
    Attorneys for Plaintiff Wesley H. Avery,
    Chapter 7 Bankruptcy Trustee



**This page is part of your document - DO NOT DISCARD**



**20080642853**    Pages: 003

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

04/14/08 AT 01:55PM

| | |
|---|---|
| Fee: | 14.00 |
| Tax: | 0.00 |
| Other: | 0.00 |
| Total: | 14.00 |

1846959     200804140050054     Counter

## TITLE(S) :   DEED

L E A D    S H E E T

**Assessor's Identification Number (AIN)**
**To be completed by Examiner OR Title Company in black ink.**     **Number of AIN's Shown**

- -

**THIS FORM IS NOT TO BE DUPLICATED**

Exhibit "1" - page 7



**RECORDING REQUESTED BY:**

04/14/08

20080642853

**WHEN RECORDED MAIL TO:**

Victor Quinones
5703 Lindsey Ave.
Pico Rivera, CA  90660

SPACE ABOVE THIS LINE FOR RECORDER'S USE

APN: 5236-003-013                    **GRANT DEED**

THE UNDERSIGNED GRANTOR(S) DECLARE(S):
DOCUMENTARY TRANSFER TAX is $0.00          CITY TAX is $0.00
☐ computed on the full value of the property conveyed, or
☐ computed on full value less value of liens or encumbrances remaining at the time of sale,
☐ Realty not sold
☐ Unincorporated area          ☒ City of Los Angeles, and

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,
Victor Quinones, an Unmarried Man

hereby GRANT(S) to Victor Quinones, an Unmarried Man and Victor D. Quinones, a Single Man and Beverly K. Quinones, a Single Woman, all as Joint Tenants.

the following described real property in the City of Los Anges, County of Los Angeles, State of California:
As shown in Exhibit "A" attached hereto and made a part hereof, and commonly known as 466 South Bonnie Beach Place A,B,C,D, Los Angeles, CA  90063

"This is a Bonafide gift and the grantor received nothing in return, R & T 11911."

Dated: 4/10/2008

                                                                    _____
                                           }                        Victor Quinones
STATE OF CALIFORNIA                        }ss
COUNTY OF  LOS ANGELES                     }

On  APRIL 10, 2008                _____ before me   _____
KATI QUEZADA                      , Notary Public,

personally appeared  VICTOR QUINONES                          _____

who proved to me on the basis of satisfactory evidence to be the
person(s) whose name(s) is/are subscribed to the within instrument
and acknowledged to me that he/she/they executed the same in            SPACE BELOW RESERVED FOR NOTARY SEAL
his/her/their authorized capacity(ies), and that by his/her/their
signature(s) on the instrument the person(s), or the entity upon behalf
of which  the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of
California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature  _____

Grant Deed                          MAIL TAX STATEMENTS TO   *Same as above*

3

"Exhibit A"

Lot 59 of Hillvale Tract, in the County of Los Angeles, State of California,
as per Map recorded in Book 14, Pages 106 and 107
of Maps, in the Office of the County Recorder of said County.